8988

STATE v. TERRY.

(83 S. E. 970.)

CRIMINAL LAW.    GAME AND FISH LAWS.

FISH—STATUTORY REGULATION—CONSTRUCTION.—The object of Criminal Code 1912, sec. 775, prohibiting the catching and sale of fish during specified months, is to protect the fish in the waters of the State only, and one cannot be convicted for selling fish during the prohibited period, where the fish came from another State.

Before HON. C. J. RAMAGE, Columbia, special Judge, October, 1914.    Affirmed.

The defendant-respondent, F. S. Terry, was tried and convicted before Magistrate H. F. Buechel, of Richland county, with the violation of section 755 of the Criminal Code, in two separate cases, one charging the unlawful sale of game fish, jackfish, and the other with unlawful sale of game fish, bream, in Richland county, on the 9th of April, 1914, and was sentenced to pay a fine of twenty dollars in each case.  From these convictions and sentences passed by reason thereof, he appealed to the Court of General Sessions for Richland county, and his appeal was heard durin the Fall term of Court, 1914, before special Judge C. J. Ramage, who reversed the findings of the magistrate, and held that the statute to protect game fish did not apply to sales of game fish imported from other States.

The testimony showed clearly that the game fish alleged to have been sold were caught beyond the limits of this State and imported into South Carolina and sold by defendant-respondent.

The State appealed to this Court on the following exceptions:

1. That his Honor erred in holding "that the object of the statute was to protect the fish in the waters of our own State and not those from the waters of another State. That clearly is the object of the statute and its scope is not to be extended, unless the intent is clear and evident;" whereas, it is respectfully submitted, his Honor should have held that it was unlawful to sell game fish during the closed season mentioned in the statute without regard to where they were caught or where they came from.

*Mr. Solicitor Cobb,* for appellant, submits: *The statute is general and definite in its terms.   The statute is within the power of the State legislature:* 19 Cyc. 1008, 1010.

*Mr. Assistant Attorney General Dominick,* also for appellant, submits: *The statute is constitutional under article I, sec. 5, of the Constitution:* 211 U. S. 31; 53 L. Ed. 75; 134 Fed. 282, *distinguished.   It is not in violation of the commerce clause of the Federal Constitution.   It applies to all game caught either within, or without the State:* 134 Fed. 282; 24 Stats. 385; Crim. Code, sec. 755; 92 U. S. 214; 23 L. Ed. 563; U. S. Comp. Stats. 1901, p. 3182 (the Lacey Act) ; special legislation, art. III, sec. 34; 76 S. C. 21; 30 S. C. 360.

*Messrs.   Barron,   McKay,   Frierson   &   Moffatt,* for respondent, submit: *The title limits the statute to the protection of fish in the State of South Carolina, and this applies to the proviso:* Endlich on Interpretation of Statutes (ed. of 1888), pp. 254-255, sec. 184 and 185, 186; 42 Am. St. Rep. 129, 139, 143, 144; 24 Or. 370; 211 U. S. 31; 53 L. Ed. 75.   *Unconstitutional as special legislation:* art. III, sec. 34; 51 S. C. 51; 62 S. C. 247; 66 S. C. 219, 222; 59 S. C. 110.   *Conflict with art. I, sec. 5:* 75 S. C. 62, 68.

*Conflict with commerce clause of the Federal Constitution:*
211 U. S. 31; 53 L. Ed. 75; 134 Fed. 282; 164 N. Y. 100.

January 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

The argument has covered a wide range, but of ground
upon which we need not go.

The primary and controlling issue is the meaning of our
statute.

The statute is set out as section 755 of the Criminal Code
of Laws; and the 5th proviso of the section is the exact pro-
vision which the defendant is charged to have violated.

The Circuit Judge has expressed our view of the statute
in these words: "It is plain to my mind that the object of the
statute was to protect the fish in the waters of our own State
and not those from the waters of another State.  That
clearly is the object of the statute and its scope is not to be
extended, unless the intent is clear and evident."

We are, therefore, of the opinion that the order below be
affirmed, and it is so directed.